## In the Matter of the Estate of ANNA F. ROWE, Deceased.

Surrogate's Court, New York County, August 11, 1927.

*Edward J. Kelly* [*William J. Barry* of counsel], for the petitioner.

*Wherry & Mygatt* [*George Gordon Battle* and *Frederick C. Mygatt* of counsel], for the respondent.

O'BRIEN, S. This is an application to vacate the decree admitting decedent's will to probate, which decree was filed in this court on the 15th day of October, 1920. The petitioner, Mary E. Clewell, a widow, is a sister of decedent and a half-sister as well as a sister-in-law of the respondent, the husband of decedent. This application, made over six years after the decree in question was filed, is based upon the contentions that the waiver of citation purporting to have been signed by said Mary E. Clewell before a commissioner of deeds, Henry Hof, whose office was on Third avenue at Thirty-fourth street, was in fact never signed by her nor acknowledged by her; that it is a forged signature; and that respondent signed or procured the signing of petitioner's name for the purpose of securing the admission of the will to probate and of preventing any contest which might be made by petitioner.

At the trial the witnesses consisted of the petitioner and the respondent, the commissioner of deeds, Henry Hof, who took the acknowledgment of the signer of the waiver of citation, and three handwriting experts, two in behalf of the petition and one in opposition to it. Because of the defective hearing of both the petitioner and the respondent, the trial was aided and accelerated by the use of a microphone. The petitioner, a lady of upwards of seventy-six years, took the stand and testified that she never saw the waiver of citation, that she never signed it, that she never appeared before the commissioner of deeds nor was present at his office, and that it was only within the last year that she learned there had been a will left and that it was admitted to probate in this court. It developed at the trial that a letter with a waiver of citation was sent to a nephew and a niece of the decedent, the latter living then in Seattle. The waiver of citation signed by the niece was returned in a self-addressed envelope. The petitioner denied that she had sent a letter with a waiver of citation to the niece, and also denied that the handwriting on the envelope in which said niece remailed the waiver of citation was her (petitioner's) handwriting. Petitioner's handwriting experts declared it to be their opinion that the handwriting of said envelope was not petitioner's handwriting. The testimony of the commissioner of deeds, who has been in business for many

years on Third avenue, was to the effect that his signature was attached as commissioner of deeds to the acknowledgment on the waiver of citation; that his name was signed as a witness to the execution of the waiver; that he never as a commissioner of deeds took an acknowledgment unless the person making the acknowledgment was personally present; that he never acted as a witness to the execution of a document unless the person executing the document was personally present; that for these reasons he said he could positively testify that the waiver of citation was executed and acknowledged before him by the person claiming to be Mrs. Clewell. William V. Rowe, a lawyer, who after years of service at the New York bar, where he held a pre-eminent position and from which he retired into private life several years ago, took the stand and testified in detail as to what transpired on the day when the waiver of citation was signed by his sister-in-law. He told of the trip which he made together with the petitioner from Sea Gate, where he had a summer home, and of a visit at the real estate office of Mr. Hof at Thirty-fourth street and Third avenue on the way to his town home at No. 133 East Thirty-eighth street, New York, and of petitioner having signed said paper in his presence before the commissioner of deeds. He identified the envelope which had been received from decedent's niece, Mrs. Fuller, of Seattle, and the handwritten address thereon, as the handwriting of petitioner. During the trial the court called the attention of one of respondent's handwriting experts to the dissimilarity of the capital letters E and C in the five concededly genuine signatures and in the contested signature. This dissimilarity was quite apparent to even a casual observer. However, a close and detailed study of the capital letters E and C in a number of the exhibits of conceded handwriting offered in evidence shows that petitioner did not always write these capital letters in the same way, and in several instances wrote them in the same manner as in the contested signature.

After hearing all the witnesses at the trial and a careful consideration of the testimony offered and the evidence adduced, the application is denied. This determination is based principally upon the following: (1) The study and comparison and analysis of both the contested signature and various items of concededly genuine handwritings of petitioner. (2) The laches of the petitioner in making this application over six years after the decree was entered. Here it may be noted that her failure to secure relief at an earlier date was not satisfactorily explained. If the petitioner's testimony is to be given the weight which her attorneys claim for it both on the point of intelligence and mental vigor, then it is fair to assume that she would ordinarily have discovered at a much earlier date that

her sister had left a will and that probate proceedings were had. (3) The testimony of the respondent, clear, credible and convincing, and the utter improbabilities of the theory advanced by the petitioner to accept which would require the conclusion that this man, who had practiced at the bar in this city for forty-five years with honor and distinction was guilty of fraud, forgery and perjury. (4) The absence of any proved motive on the part of respondent for having said signature forged. Here it is well to note that respondent and his wife had made mutual wills. The property of decedent included the town house in East Thirty-eighth street and the summer home at Sea Gate, both of which had been given her by respondent. The petitioner had enjoyed the hospitality of respondent's home for many years prior to decedent's death and after her death, both in New York and in Newton Center, to which place respondent moved his home shortly after his wife's death. (5) The testimony both on direct and cross-examination of all of the witnesses. Having in mind all the evidence adduced, the circumstances surrounding the probate of the will, the relationships of the parties, the form and substance of the instrument itself, no other conclusion can be drawn than that the waiver of citation with the handwriting interpolated therein was signed and acknowledged by petitioner and before said commissioner of deeds upon the date indicated in the paper, and, further, that the address upon the envelope mailed by decedent's niece from Seattle was also the handwriting of petitioner. The reasons advanced in support of our conclusion are so strong that it is hardly necessary to mention any others, but it may be well to note that petitioner advanced no evidence nor argument to indicate any probability of success on her part in contesting the probate of this will if the decree were revoked.

Application denied. Submit order on notice on Friday, August 12, 1927.